**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTOBAL DE JESUS ALARCON GONZALEZ,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 12-70526<br><br>Agency No. A070-201-261<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Cristobal De Jesus Alarcon Gonzalez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that, although Alarcon Gonzales established past persecution, the presumption of a well-founded fear of future persecution was rebutted by evidence of changed country conditions. The record shows the Guatemalan civil war ended in 1996, the civil patrol has been disbanded, and the IJ engaged in an individualized analysis of Alarcon Gonzalez's future fear based on the changed country conditions. *See* 8 C.F.R. § 1208.13(b)(1)(I); *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir. 2001). Thus, Alarcon Gonzalez's asylum claim fails.

Because Alarcon Gonzales has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Alarcon Gonzales failed to establish that it is more likely than not he will be tortured if he returns to Guatemala. *See id.* at 1188.

**PETITION FOR REVIEW DENIED.**

2